UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAHMOUD O. ALILI

    Plaintiff,

        v.

E.B.F. Holdings, LLC, et al.,

    Defendants

Case No. 1:24-cv-356

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On June 28, 2024, Plaintiff Mahmoud O. Alili[1] paid the requisite filing fee and filed a pro se complaint against Defendant E.B.F. Holdings, LLC, Global Solutions Biz LLC, Everest Business Funding LLC, and Charles A. Chenault. Pursuant to local practice, this case has been referred to the undersigned for a report and recommendation ("R&R") on Defendants' motion to dismiss. For the reasons that follow, Defendants' motion should be GRANTED.

    **I.    Background**

Plaintiff's complaint contains minimal substantive allegations set forth in three sentences. First, he alleges that all four Defendants "did individually and in concert conspire to violate certain sections of the fair credit reporting act and laws governing debt collection in so far as they being aware that a debt was fraudulent and the plaintiff was a

---

[1] In addition to this case, Mr. Alili represents himself in multiple cases in this Court. *See*, *e.g.*, *GS Holistic, LLC v. Stars Wireless and Smoke LLC, et al*., No. 1:23-cv-641-WHR-MRM; *Alili v. Experian PLC*, No. 1:24-cv-10-MWM-SKB; *Alili v. FORA Funding LLC*, No. 1:24-cv-399-JPH-KLL; *Alili v. Mantis Funding LLC*, No. 1:24-cv-400-SJD-KLL. Six cases involving American Express have been deemed to be related. *See*, *e.g.*, *Alili v. American Express Co.*, No. 24-cv-101-SJD-SKB; *American Express Nat'l Bank v. Alili, et al*., No. 1:24-cv-104-SJD-KLL, No. 1:24-cv-105-SJD-SKB, No. 1:24-cv-106-SJD-KLL; No. 1:24-cv-107-SJD-SKB; No. 1:24-cv-108-SJD-KLL.

victim of identity theft and being in possession of all supporting documentation, continued to attempt to collect on the fraudulently opened account and continue to threaten with legal process and harass plaintiff in attempt to force him into a financial settlement they were not entitled." (Doc.1 at PageID 1). The remainder of the complaint alleges:

> Plaintiff further alleges that their actions constitute extortion under both state and federal law, and that the specific violations under 15 U.S.C. [§§] 1681 and SS1692 were engaged in with a blatant disregard for the fair credit reporting act as well as state and federal laws governing collection activities.
>
> Plaintiff [] prays this court grants relief of $1,000,000 dollars punitive damages per defendant, $250,000 compensatory damages, injunctive relief as follows ordering the defendants to release any liens against the defendant or his businesses and to cease and desist any further collection activity on the fraudulently opened loan.

(Doc. 1 at PageID 1-2).

The record suggests that service forms were returned executed as to the three entity defendants, but not as to the individual defendant, Charles Chennault. (Docs. 5, 6).[2] On August 6, 2024, two of the related entity Defendants, EBF Holdings, LLC d/b/a Everest Business Funding ("EBF"),[3] moved to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim. As EBF puts it, Plaintiff's complaint "is a confusing and incoherent compilation of conclusory and erroneous statements of law which completely fail to state a claim against EBF." (Doc. 7, PageID 27).

After Plaintiff failed to file any timely response to Defendants' motion, the Court directed him to "SHOW CAUSE," on or before October 3, 2024, why the motion should

---

[2]At Plaintiff's request, the Clerk of Court issued summons to the Defendants at the addresses specified by Plaintiff. Plaintiff directed service by certified mail as follows: "General Counsel/EBF Holdings LLC" at an address in Miami, Florida; "General Counsel/Everest Business Funding" at an address in New York, NY; and both "Global Solutions Biz LLC" and individual Charles Chennault at the same address in Atlanta, Georgia. (Doc. 3).
[3]Defendant EBF states that Plaintiff has wrongfully sued an entity named "Everest Business Funding LLC," which is not an independent entity but instead is a registered d/b/a of EBF Holdings, LLC.

not be granted for the reasons stated. Plaintiff has failed to file any response to the Court's "show cause" Order. Having reviewed the merits of Defendants' motion, the undersigned finds it to be well-taken. Plaintiff's complaint does not comply with Rule 8. In fact, the complaint is so devoid of factual detail that it fails to state a claim as a matter of law against any Defendant. Thus, even though Defendant Global Solutions Biz LLC and Defendant Charles A. Chenault have not yet appeared or otherwise moved to dismiss, the undersigned recommends that the complaint be dismissed in its entirety and this matter be closed for the reasons set forth above.

Accordingly, **IT IS RECOMMENDED THAT:** Defendants' motion to dismiss (Doc. 7) be **GRANTED**, with Plaintiff's complaint to be dismissed with prejudice for failure to state a claim against any Defendant.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAHMOUD O. ALILI

    Plaintiff,

        v.

E.B.F. Holdings, LLC, et al.,

    Defendants

Case No. 1:24-cv-356

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).